**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **E'MANN COMICHI,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-512-P** |
| **OFFICER INGRID A. PETHEL, et al.,** | § | **JURY DEMANDED** |
| **Defendant.** | § | |

**BRIEF IN SUPPORT OF THE EULESS DEFENDANTS'
RULE 12(B)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants, Ingrid A. Pethel, Brian S. Lord, Wesley R. Hamilton, and

William M. Norwood (collectively, the "Euless Defendants"), named Defendants in the above-

entitled and numbered civil action, and submit this Brief in Support of their Rule 12(b)(6) Motion

to Dismiss.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY
 & ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR THE
EULESS DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the ___14th___ day of July, 2025.


*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**

# TABLE OF CONTENTS

I.  SUMMARY OF MOTION.................................................................................... 1

II.  LEGAL STANDARDS .................................................................................... 2

    A.  Motion to Dismiss.................................................................................... 2

    B.  Qualified Immunity ................................................................................. 3

III.  FACTUAL ALLEGATIONS ............................................................................ 5

IV.  ARGUMENTS & AUTHORITIES .................................................................. 8

    A.  No Fourth Amendment Violation Occurred. ...................................... 8

    B.  No Reasonable Officer in Defendants' Position Would Conclude that Defendants' Actions Violated Plaintiff's Fourth Amendment Rights. .......... 10

IV.  PRAYER.......................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034 (1987) ............................................. 3, 4, 11

*Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S.Ct. 2074 (2011) ................................................ 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) ............................................... 2, 3

*Bailey v. Ramos*, 125 F.4th 667 (5th Cir. 2025) ........................................................ 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) ........................................ 2

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)............................................... 3

*Brown v. Lyford*, 243 F.3d 185 (5th Cir. 2001) ......................................................... 8

*Cass v. City of Abilene*, 814 F.3d 721 (5th Cir. 2016)................................................... 4

*Connelly v. Comptroller*, 876 F.2d 1209 (5th Cir. 1989) ................................................. 4

*Devenpeck v. Alford*, 543 U.S. 146, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) ................................ 9

*Duckett v. City of Cedar Park*, 950 F.2d 272 (5th Cir. 1992)............................................. 3

*Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)............................................. 4

*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992) ............................................. 3

*Freeman v. Gore*, 483 F.3d 404 (5th Cir. 2007)......................................................... 9

*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982) ........................................... 3, 4

*Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534 (1991)............................................... 3, 4

*Kovacic v. Villarreal*, 628 F.3d 209 (5th Cir. 2010)................................................... 4

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160 (1993)............................................................................ 2

*Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092 (1986) .............................................. 3, 4

*Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007)...................................................... 4

*Mullenix v. Luna*, 577 U.S. 7, 136 S.Ct. 305 (2015)................................................... 3

*Norris v. Hearst Trust*, 500 F.3d 454 (5th Cir. 2007).................................................................... 5

*Resendiz v. Miller*, 203 F.3d 902 (5th Cir. 2000) ........................................................................... 8

*Sam v. Richard*, 887 F.3d 710 (5th Cir. 2018)................................................................................ 9

*Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991)............................................................... 3, 4

*Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999).......................................................................... 4

*Surratt v. McClarin*, 851 F.3d 389 (5th Cir. 2017)........................................................................ 5

*Terwilliger v. Reyna*, 4 F.4th 270 (5th Cir. 2021).......................................................................... 8

*Vincent v. City of Sulphur*, 805 F.3d 543 (5th Cir. 2015).............................................................. 4

*Wells v. Boomer*, 45 F.3d 90 (5th Cir. 1995) ................................................................................. 8

*White v. Pauly*, 580 U.S. 73, 137 S.Ct. 548 (2017) ...................................................................... 4, 5

*Young v. City of Killeen*, 775 F.2d 1349 (5th Cir. 1985) ............................................................... 4

**Statutes**

TEX. PENAL CODE § 38.02(a) ......................................................................................................... 10

TEX. PENAL CODE §38.15(a)(1)...................................................................................................... 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| E'MANN COMICHI, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-512-P |
| OFFICER INGRID A. PETHEL, et al., | § | JURY DEMANDED |
|     Defendant. | § | |

**BRIEF IN SUPPORT OF THE EULESS DEFENDANTS'
RULE 12(B)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants, Ingrid A. Pethel, Brian S. Lord, Wesley R. Hamilton, and William M. Norwood (collectively, the "Euless Defendants"), Defendants in the above-entitled and numbered civil action, and make and file this Brief in Support of their Rule 12(b)(6) Motion to Dismiss, showing unto the Court as follows:

**I.
SUMMARY OF MOTION**

Plaintiff alleges that he was wrongfully detained and arrested after he jumped into a Penske truck (that he did not own) and refused to exit the truck when it was being towed. Plaintiff apparently had no keys for this truck, as evidenced by the video Plaintiff attached to his Complaint, and Plaintiff refused to provide identification. Yet, Plaintiff contends that the Euless Defendants were in the wrong for arresting him for Failure to Identify and Interference with Public Duties.

Plaintiff filed suit against the Euless Defendants alleging Section 1983 claims for false arrest (against arresting officer Defendant Pethel),[1] unlawful search (against Pethel),[2] unlawful search and seizure incident to unlawful arrest (against Pethel),[3] failure to intervene (against

---

[1] *See* Plaintiff's Original Complaint ("Complaint"), Doc. No. 1, filed May 5, 2025, at pp. 11-13, ¶¶ 41-46 (Count One).
[2] *Id*. at pp. 13-14, ¶¶ 47-52 (Count Two).
[3] *Id*. at pp. 15-16, ¶¶ 53-58 (Count Three).

**THE EULESS DEFENDANTS' BRIEF IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS – Page 1**

Defendants Lord and Hamilton),[4] unlawful seizure (against Defendants Pethel, Hamilton and Lord),[5] and malicious prosecution (against Defendants Pethel, Lord and Norwood).[6] The Euless Defendants hereby move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) based on qualified immunity. That is, Plaintiff has failed to plead any facts which show that the Euless Defendants violated Plaintiff's constitutional rights. Moreover, Plaintiff fails to allege any facts that demonstrate that a reasonable official in their position would conclude that the Euless Defendants' alleged actions violated Plaintiff's clearly established constitutional rights.

## II.
## LEGAL STANDARDS

### A.    Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. The Supreme Court has set out a two-prong approach to determine whether a claim should be dismissed pursuant to Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). Generally, in reviewing a complaint, the court should accept well-pleaded facts in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160 (1993). However, as the Supreme Court explained in *Iqbal*, the tenet that a court must accept as true all allegations in a complaint is inapplicable to legal conclusions. *Iqbal*, 129 S.Ct. at 1949-50. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. Moreover, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id*. Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the

---

[4] *Id*. at pp. 16-17, ¶¶ 59-65 (Count Four).
[5] *Id*. at pp. 17-18, ¶¶ 66-72 (Count Five).
[6] *Id*. at pp. 19-24, ¶¶ 73-90 (Count Six).

**THE EULESS DEFENDANTS' BRIEF IN SUPPORT OF**
**RULE 12(b)(6) MOTION TO DISMISS – Page 2**

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949-50.  Mere conclusory allegations will not survive a motion to dismiss.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

**B.      Qualified Immunity**

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). For a right to be "clearly established," that right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534 (1991); *Anderson*, 483 U.S. at 639-40. In *Harlow*, the Supreme Court explained that a key question is "whether that law was clearly established at the time an action occurred," because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S.Ct. 305 (2015); *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether the plaintiff has alleged any violation of a clearly established right, and if so, whether the individual defendant's conduct was objectively reasonable. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789 (1991); *Duckett v. City of Cedar Park*, 950 F.2d 272, 276-80 (5th Cir. 1992). In so

**THE EULESS DEFENDANTS' BRIEF IN SUPPORT OF**
RULE 12(b)(6) MOTION TO DISMISS – Page 3

doing, the court should not assume that the plaintiff has stated a claim, *i.e.,* asserted a violation of a constitutional right. *Siegert*, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by the plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Even if defendants are alleged to have acted in unison, the court must address the actions of each individually to determine whether qualified immunity applies. *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

A mistake in judgment does not cause an officer to lose his qualified immunity defense. In *Hunter*, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

502 U.S. at 229. "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *Young v. City of Killeen*, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Kovacic v. Villarreal*, 628 F.3d 209, 211-12 (5th Cir. 2010); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79, 137 S.Ct. 548 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, failure to identify a case where an officer acting under similar circumstances was held

to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.*; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017).

## III.
## FACTUAL ALLEGATIONS

In determining whether Plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information that the Court is limited to is (1) the facts set forth in Plaintiff's Complaint, (2) documents attached to the Complaint, and (3) matters of which judicial notice may be taken. *See Norris v. Hearst Trust*, 500 F.3d 454, 461, n. 9 (5th Cir. 2007).  Here, Plaintiff has attached the body cam video of Defendants Hamilton and Lord to his Complaint and makes references to the same.[7] Likewise, although he did not attach the Police Report in its entirety, Plaintiff did attach Defendant Pethel's narrative from the Report and refers to it in his Complaint.[8] Accordingly, the Euless Defendants rely upon these attachments in Plaintiff's Appendix in this Motion to address Plaintiff's claims.

On September 22, 2024, Defendants Pethel and Lord were dispatched to the parking lot of the Euless Dog Park in reference to abandoned property.[9]  When they arrived, Defendants observed a 2024 yellow Penske box truck that had been "red tagged" on the driver's side window on September 16, 2024.[10] The vehicle had been ordered to be moved by September 18, 2024.[11] Defendant Pethel contacted B&B Wrecker to request that the vehicle be towed due to it being considered abandoned as it had been in a public place for over 48 hours.[12] Defendant Bert Gibbons

---

[7] *See* Plaintiff's Appendix, Doc No. 1-1, at p. 3/A-002 (Exhibit 1 – Hamilton BWC) and p. 5/A-004 (Exhibit 2 – Lord BWC).

[8] Plaintiff's Appendix at pp. 7-8/A-006-007 (Exhibit 3- Defendant Pethel's Narrative from the Police Report).

[9] Plaintiff's Appendix at p. 7/A-006.

[10] *Id.*

[11] *Id.*

[12] *Id.*

**THE EULESS DEFENDANTS' BRIEF IN SUPPORT OF**
**RULE 12(b)(6) MOTION TO DISMISS – Page 5**

arrived and began the process of towing the vehicle.[13] Defendants Pethel and Lord then cleared the scene.[14]

While walking his nephew's dog, Plaintiff observed his nephew's Penske truck on the side of the road with a tow truck positioned in front of it.[15] His nephew had rented the truck, parked it in the parking lot for the Euless Dog Park, and left town.[16] Plaintiff immediately ran to the truck and entered it.[17] It was his opinion that if the truck was not fully hooked up and he was in the truck, the truck could not be towed.[18]

Defendants Pethel and Lord were again dispatched to the area in reference to a disturbance.[19] The complainant, Defendant Gibbons, advised a male subject entered the abandoned vehicle as Gibbons was connecting it to the tow truck and refused to get out.[20] Defendant Hamilton arrived on scene first.[21] Defendant Hamilton told Plaintiff that he was obstructing the tow truck driver's duties and ordered Plaintiff to exit the truck.[22] When Plaintiff exited the truck, Defendant Gibbons used a tool to turn the truck's power on in order to roll the driver's side window up and show Plaintiff the red tag on the window.[23] One can only surmise that Defendant Gibbons had to use a tool to roll up the window, because Plaintiff did not have keys to the truck.

Defendants Pethel and Lord arrived on scene after Plaintiff was out of the truck.[24] Plaintiff explained the truck belonged to his nephew, that his nephew was out of town, and that he sat in

---

[13] *Id.*
[14] *Id.*
[15] Plaintiff's Complaint, p. 5, ¶ 15.
[16] *Id.* at ¶ 14.
[17] *Id.* at p. 6, ¶ 16.
[18] *Id.* at p. 7, ¶ 20.
[19] Plaintiff's Appendix at p. 7/A-006.
[20] *Id.*
[21] *Id.*
[22] Plaintiff's Complaint, p. 7, ¶ 22.
[23] Plaintiff's Appendix, p. 3/A-002 at 2:46-3:15 (Plaintiff states, "He's got a jimmy as a key.")
[24] Plaintiff's Appendix at p. 5/A-004 at 0:50-1:05.

**THE EULESS DEFENDANTS' BRIEF IN SUPPORT OF**
**RULE 12(b)(6) MOTION TO DISMISS – Page 6**

the truck to prevent it from being towed.[25] Because Plaintiff was extremely agitated and acting verbally erratic, Defendant Pethel conducted a pat down for weapons and officer safety.[26] Defendant Pethel then explained to Plaintiff that the truck had been illegally parked for over 48 hours and that it was actively being towed due to her request as a police officer.[27] Defendant Pethel told Plaintiff that the tow truck driver may be able to release the truck to him if he was willing to pay a drop fee.[28] Plaintiff stated he wasn't going to pay a drop fee and began to walk away.[29] Defendant Pethel asked for his name in an effort to identify him.[30] Plaintiff stated he wasn't going to give his name.[31] Defendant Pethel told him that she had spoken to him, that he was detained, and that he needed to provide his name.[32] Plaintiff repeatedly refused to give his name.[33] Defendant Pethel told him that she was going to make it simple, and he was going to give his name, or he was under arrest.[34] Plaintiff then told whoever was on his phones (Plaintiff held several phones in his hand) that he was going to let them arrest him, handed his phones to an officer, turned around and placed his hands behind his back.[35] Plaintiff was handcuffed, searched incident to arrest, placed in the back of a squad car and advised that he was under arrest for Interference with Public Duties.[36] Defendant Pethel again asked for his name to which Plaintiff again refused to give.[37]

Based on his interfering with the towing of the truck and his refusal to provide identification, Plaintiff was charged with Interference with Public Duties and Failure to Identify.[38]

---

[25] Plaintiff's Appendix at p. 7/A-006.
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*; *see also* p. 5/A-004 at 4:50-5:03.
[30] Plaintiff's Appendix at p. 7/A-006.
[31] *Id.*; *see also* p. 5/A-004 at 5:00-5:10.
[32] Plaintiff's Appendix at p. 5/A-004 at 5:00-5:10.
[33] *Id.*
[34] *Id.* at 5:08-5:20.
[35] *Id.* at 5:17-5:30.
[36] Plaintiff's Appendix at p. 8/A-007.
[37] *Id.*
[38] *Id.*

## IV.
## ARGUMENTS & AUTHORITIES

The key question that must be answered is whether there was probable cause to arrest Plaintiff, and if not, were Defendants' actions objectively reasonable?

**A.      No Fourth Amendment Violation Occurred.**

Central to Plaintiff's claims is the Fourth Amendment and whether any of the Defendants' actions violated it. "A warrantless arrest must be based on 'probable cause.' Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) (per curiam); s*ee also Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001) ("[I]f a reasonable officer could have concluded that there was probable cause upon the facts then available to him, qualified immunity will apply."), quoting *Terwilliger v. Reyna*, 4 F.4th 270, 282 (5th Cir. 2021) (cleaned up). "If there was probable cause **for any of the charges made**…then the arrest was supported by probable cause, and the claim for false arrest fails."   *Wells v. Boomer*, 45 F.3d 90, 95 (5th Cir. 1995)(emphasis added).

A person commits the offense of Interference with Public Duties "if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with…a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." TEX. PENAL CODE §38.15(a)(1).   In this case, the Penske truck, that neither Plaintiff nor his absentee nephew owned,[39] was considered an abandoned vehicle and was actively being towed upon Defendant Pethel's request.[40] Moreover, Plaintiff did not jump into the truck until AFTER it

---

[39] Plaintiff's Appendix at p. 7/A-006.
[40] *Id*.

had been moved from the parking lot to the street by Defendant Gibbons.[41] Thus, the truck was already in the process of being towed, and Plaintiff's actions of refusing to get out of the truck was an interference with public duties. Further, according to Euless City Ordinance §90-94(c), an owner or operator of a vehicle only has the right to regain possession of a vehicle "***before*** its removal from the property" (or parked location).[42] Plaintiff's Complaint conclusively establishes he only intervened in the tow *after* the vehicle was removed from its original location—a city parking lot—to the public roadway.[43] Thus, Defendants had probable cause to arrest Plaintiff for Interference with Public Duties. Further, a reasonable person in Defendants' position would have believed that Defendants' conduct did not violate the Fourth Amendment in light of the information available to them and the clearly established law. *Freeman v. Gore*, 483 F.3d 404, 415 (5th Cir. 2007) (holding that an officer is entitled to qualified immunity even if he did not have probable cause to arrest a suspect if a reasonable person in his position would have believed that his conduct did not violate the constitution in light of the information that was available and the clearly established law).

While Plaintiff contends that he was placed under arrest solely for refusing to identify himself,[44] Defendants may justify the arrest by showing probable cause **for any crime**. *See Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)  (holding that because "an arresting officer's state of mind ... is irrelevant to the existence of probable cause," there is "no basis in precedent or reason" to require an officer to justify an arrest with reasons given at the scene); *see also Sam v. Richard*, 887 F.3d 710, 715–16 (5th Cir. 2018)(holding that justifying an arrest by pointing to probable cause for the misdemeanor of crossing an interstate highway was permissible even if it was "only an after-the-fact justification for the arrest").  Here, probable cause

---

[41] Plaintiff's Appendix, p. 3/A-002 at 5:25-5:30.
[42] *See* Plaintiff's Appendix, p. 14/A-013 (emphasis added).
[43] *See* Plaintiff's Appendix, p. 7/A-006; p. 3/A-002 at 5:25-5:30.
[44] Plaintiff's Complaint at p. 10, ¶ 31.

**THE EULESS DEFENDANTS' BRIEF IN SUPPORT OF**
**RULE 12(b)(6) MOTION TO DISMISS** – Page 9

existed for the offense of Interference with Public Duties.

Further, after Plaintiff was told he was being charged with this offense, he was again asked for his identification – which he refused.[45] Plaintiff also refused to identify himself at the police station.[46] A person commits Failure to Identify if he "intentionally refuses to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information. TEX. PENAL CODE § 38.02(a). Thus, because Plaintiff was already under arrest for Interference with Public Duties when he again failed to identify himself, Defendants likewise had probable cause to arrest Plaintiff for Failure to Identify.

Because Defendants had probable cause to arrest Plaintiff, Defendants also had the right to perform a warrantless search of Plaintiff. "A warrantless search incident to a lawful arrest is one of the oldest and most widely used exceptions to the warrant requirement." *Bailey v. Ramos*, 125 F.4th 667, 679 (5th Cir. 2025). Since Plaintiff's arrest was lawful, the search of Plaintiff was legal. *Id.* ("Bailey's unlawful seizure claim rises and falls with his unlawful arrest claim because the exception would not apply if the arrest were deemed unlawful.").

In the absence of a Fourth Amendment violation, all of Plaintiff's claims necessarily fail against Defendants. There simply was no false arrest, no illegal search and seizure, no failure to intervene, and no malicious prosecution. Accordingly, each of the Euless Defendants is entitled to qualified immunity as a matter of law.

**B.      No Reasonable Officer in Defendants' Position Would Conclude that Defendants' Actions Violated Plaintiff's Fourth Amendment Rights.**

For *arguendo*, even if the Court determines that Defendants violated Plaintiff's Fourth Amendment rights, Defendants are still entitled to qualified immunity. Plaintiff fails to allege any

---

[45] Plaintiff's Appendix at p. 8/A-007.
[46] *Id*.

**THE EULESS DEFENDANTS' BRIEF IN SUPPORT OF**
**RULE 12(b)(6) MOTION TO DISMISS – Page 10**

facts that demonstrate that a reasonable official in their position would conclude that Defendants' alleged actions violated Plaintiff's clearly established constitutional rights. A right is clearly established when "*every* 'reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074 (2011)(emphasis added)(quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)). As alleged, no reasonable officer would have understood that arresting Plaintiff for Interference with Public Duties when he refused to exit the truck (that neither he nor his nephew owned) while it was being towed violated Plaintiff's Fourth Amendment rights. Accordingly, Plaintiff has not abrogated Defendants' qualified immunity, and Defendants are entitled to dismissal of Plaintiff's Section 1983 claim asserted against them.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, Ingrid A. Pethel, Brian S. Lord, Wesley R. Hamilton, and William M. Norwood, respectfully pray that the Court grant their Rule 12(b)(6) Motion to Dismiss and dismiss Plaintiff's claims against these Defendants with prejudice, and for such other and further relief to which Defendants may be entitled.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY
 & ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR THE
EULESS DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the ___14th___ day of July, 2025.

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**