**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **E'MANN COMICHI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-512-P** |
| | § | **JURY DEMANDED** |
| **OFFICER INGRID A. PETHEL, et al.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT BRIAN S. LORD'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Brian S. Lord ("Defendant"), one of the named Defendants in the above-entitled and numbered cause, and makes and files this Original Answer to Plaintiff's Original Complaint (hereafter, "Plaintiff's Complaint"), showing unto the Court as follows:

## I. PRELIMINARY STATEMENT

1. Defendant admits that Plaintiff is bringing suit under Section 1983 and Texas state law. Otherwise, Defendant denies that he violated Plaintiff's constitutional rights or rights under state law and denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegation of lack of probable cause for arrest as alleged in Paragraph 3 of Plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

4. Defendant admits this Court has jurisdiction. Defendant denies that Plaintiff is entitled to any relief which Plaintiff seeks.

5. Defendant admits this Court has supplemental jurisdiction over Plaintiff's state law claims. Defendant denies that Plaintiff is entitled to any relief which Plaintiff seeks.

6. Defendant admits that venue is proper.

## III. PARTIES

7. Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that B&B Wrecker Service, Inc. was a named Defendant in this case, but Plaintiff has since dismissed this defendant.

13. Defendant admits that Bert Gibbons was a named Defendant in this case, but Plaintiff has since dismissed this defendant.

## IV. FACTUAL ALLEGATIONS

14. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits that Plaintiff entered the truck and attempted to stop the towing of the truck. Otherwise, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. To the extent Paragraph 17 contains Plaintiff's interpretation of statutory law, Defendant denies the same and would refer directly to the City Code cited.

18. To the extent Paragraph 18 contains Plaintiff's interpretation of statutory law, Defendant denies the same and would refer directly to the statute cited.

19. To the extent Paragraph 19 contains Plaintiff's interpretation of statutory law, Defendant denies the same and would refer directly to the City Code cited.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies as worded the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that Plaintiff was obstructing the tow truck driver's duties and ordered him out of the truck. Otherwise, Defendant denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. To the extent Paragraph 23 purports to quote from body cam footage, Defendant would refer directly to that footage and denies Plaintiff's interpretation of the same.

24. Defendant admits that Gibson was allowed to complete the hook-up and tow of the vehicle. Otherwise, Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits the allegations in the first sentence of Paragraph 25 of Plaintiff's Complaint. Defendant admits that Pethel told Plaintiff she was going to pat him down for weapons. Otherwise, Defendant denies the remaining allegations contained in Paragraph 25.

26. Defendant admits that Pethel conducted a pat down of Plaintiff. Otherwise, Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that Pethel told Plaintiff that if he wasn't going to pay the drop fee, the vehicle was going. Otherwise, Defendant denies the allegations contained in the first sentence of Paragraph 28. Defendant denies as worded the allegations contained in the second sentence of Paragraph 28. Defendant admits the allegations contained in the third sentence of Paragraph 28 of Plaintiff's Complaint.

29. To the extent Paragraph 29 purports to quote from a body cam recording, Defendant would refer directly to said recording and denies Plaintiff's interpretation of the same.

30. To the extent Paragraph 30 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited authority.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. To the extent Paragraph 33 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited authority.

34. Defendant admits the first two sentences of Paragraph 34 of Plaintiff's Complaint. Defendant denies the third sentence of Paragraph 34.

35. Defendant denies the allegations contained in the first sentence of Paragraph 35 of Plaintiff's Complaint. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 35.

36. Defendant admits the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

## V.
## CAUSES OF ACTION

### COUNT ONE
### FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983
### (Against Defendant Pethel)

41. Defendant incorporates by reference his responses to the previous allegations.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the unlawful seizure of Plaintiff. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

**COUNT TWO[1]**
**UNLAWFUL SEARCH IN VIOLATION OF 42 U.S.C. § 1983**
**(Against Defendant Pethel)**

47. Defendant incorporates by reference his responses to the previous allegations.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. To the extent Paragraph 49 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cases cited.

50. To the extent Paragraph 50 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cases cited. Defendant further denies that the search was objectively unreasonable.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

---

[1] The Fifth Circuit affirmed the dismissal of this cause of action.

**COUNT THREE[2]**
**UNLAWFUL SEARCH AND SEIZURE INCIDENT TO UNLAWFUL ARREST IN VIOLATION OF 42 U.S.C. § 1983**
**(Against Defendant Pethel)**

53. Defendant incorporates by reference his responses to the previous allegations.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. To the extent Paragraph 55 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cases cited.

56. To the extent Paragraph 56 contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further denies that the arrest or search was unlawful.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

**COUNT FOUR**
**FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C. § 1983**
**(Against Defendants Lord and Hamilton)**

59. Defendant incorporates by reference his responses to the previous allegations.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. To the extent Paragraph 61 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cases cited.

---

[2] The Fifth Circuit affirmed the dismissal of this cause of action.

62. To the extent Paragraph 62 contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further denies that Plaintiff's constitutional rights were violated.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies as worded the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

**COUNT FIVE[3]**
**UNLAWFUL SEIZURE INCIDENT IN VIOLATION OF 42 U.S.C. § 1983**
**(Against Defendants Pethel, Hamilton, Lord, Gibbons, and B&B Wrecker)**

66. Defendant incorporates by reference his responses to the previous allegations.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. To the extent Paragraph 68 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the statute cited.

69. To the extent Paragraph 69 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the amendment cited.

70. To the extent Paragraph 70 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the statute cited.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

---

[3] The Fifth Circuit affirmed the dismissal of this cause of action. Additionally, Defendants Gibbons and B&B Wrecker have been dismissed from this case.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

**COUNT SIX**
**MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C. § 1983**
**(Against Defendants Pethel, Lord, and Norwood)**

73. Defendant incorporates by reference his responses to the previous allegations.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. To the extent Paragraph 75 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the case cited.

76. To the extent Paragraph 76 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the case cited.

77. To the extent Paragraph 77 contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. To the extent Paragraph 78 contains Plaintiff's interpretation of law, Defendant denies the same.

79. Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. To the extent Paragraph 81 contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. To the extent Paragraph 82 contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. To the extent Paragraph 83 contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further denies the allegations contained in Paragraph 83 of Plaintiff's Complaint. To the extent Paragraph 81 contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

84. To the extent Paragraph 84 contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

**COUNT SEVEN[4]**
**CIVIL LIABILITY UNDER TEXAS OCCUPATIONS CODE § 2308.404**
**(Against Defendants Gibbons and B&B Wrecker)**

91. Defendant incorporates by reference his responses to the previous allegations.

92. As Paragraph 92 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

93. As Paragraph 93 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

94. As Paragraph 94 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

95. As Paragraph 95 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

96. As Paragraph 96 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

**COUNT EIGHT[5]**
**CIVIL THEFT UNDER THE TEXAS THEFT LIABILITY ACT**
**(Against Defendants Gibbons and B&B Wrecker)**

97. Defendant incorporates by reference his responses to the previous allegations.

---

[4] These Defendants have been dismissed.
[5] These Defendants have been dismissed.

98. As Paragraph 98 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

99. As Paragraph 99 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

100. As Paragraph 100 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

101. As Paragraph 101 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

**COUNT NINE[6]**
**RESPONDEAT SUPERIOR**
**(Against Defendant B&B Wrecker Only)**

102. Defendant incorporates by reference his responses to the previous allegations.

103. As Paragraph 103 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

104. As Paragraph 104 contains no allegations against this Defendant, no response is required. However, to the extent the Court deems a response is necessary, Defendant denies the same.

[6] These Defendants have been dismissed.

## VI. JURY DEMAND

105. Defendant hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief he seeks in his Prayer.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant makes the following specific denials, affirmative defenses and/or defenses:

1. Defendant affirmatively pleads that there is no causal connection between the allegations against Defendant and the injury of which Plaintiff complains.

2. Plaintiff's claims are barred by the doctrines of sovereign and governmental immunity.

3. Defendant denies that he violated 42 U.S.C. § 1983, the Fourth Amendment of the U.S. Constitution and/or and or any other constitutional rights or common law rights of the Plaintiff.

4. Defendant affirmatively pleads the affirmative defense of qualified immunity.

5. Defendant affirmatively pleads and invokes all statutory and common law damage caps with respect to Plaintiff's alleged damages.

6. Defendant affirmatively pleads and denies that Defendant committed wrongful acts and/or omissions that were wanton, malicious and done with the specific intent to deprive Plaintiff of his constitutional rights.

7. Defendant affirmatively pleads that Defendant did not violate clearly established law or statutory or constitutional rights of which a reasonable person would have known, and at all times, such person's conduct was objectively reasonable.

8. Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

9. Defendant affirmatively pleads that he is entitled to the defense of qualified immunity, and affirmatively pleads that on the occasion in question, he acted without malice, without an intent to deprive Plaintiff of any legally protected rights, and with a reasonable good faith belief that his actions were lawful and proper and within and pursuant to the scope of his discretionary authority.

10. Defendant affirmatively pleads that no act or omission on his part proximately caused any of Plaintiff's alleged injuries or damages.

11. Defendant denies that Plaintiff is entitled to punitive damages.

12. Defendant denies violating Plaintiff's constitutional and/or statutory rights.

Defendant reserves the right to amend his affirmative defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant, Brian S. Lord, prays that judgment be rendered, that Plaintiff takes nothing by this suit and that Defendant be permitted to go hence without delay and recover his costs and attorney's fees in his behalf expended, and for such other and further relief, general and specific, legal and equitable, to which this Defendant may be justly entitled.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY**
**& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR DEFENDANT**
**BRIAN S. LORD**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the ____10th____ day of August, 2026.

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**